Gonzalez v. Vazquez. Be sure to point those microphones towards you. You're quite tall so you're just pointing towards you. There we go. Deputy Federal Public Defender Lauren Collins on behalf of Mr. Gonzalez. I would like to reserve two minutes. I'll keep an eye on the clock. This case presents two related issues stemming from Mr. Gonzalez's incompetence at his 2008 trial. I'd like to first focus on the substantive incompetency claim and then the procedural incompetency claim. In state and federal habeas proceedings, Mr. Gonzalez presented evidence that he's a paranoid schizophrenic who suffered from severe mental delusions between 2004 and 2008. His specific delusions included beliefs that his wife had a microchip in her stomach that sent signals to men to come have sex with her and that his former boss, the victim in this case, was having an affair with his wife and talked to him through the radio and the television. Can I do it this and I hope you organize your argument in a way that will be helpful to me. We've got two possible claims here. One is that the trial judge should have seen that there were mental problems and then should Sulis-Ponte have ordered an examination to determine competency to stand trial. Whether that claim is any good depends on what that judge knew at that time. There's another possible claim and that is retrospective. We now know more about his mental condition and was he in fact incompetent to stand trial. Could you tell me as to the first claim then, what was in front of the trial judge? For example, I don't think the microchip question was in front of him. Correct, Your Honor. There was somewhat limited information before the trial judge for the procedural incompetency claim. That was the statements that Mr. Gonzalez made to police officers that he had seen the victim, Mr. Galvan, in women's clothing having sex with his wife and that Mr. Galvan made his wife give Mr. Gonzalez a potion to make him crazy. There was also a pre-plea probation report, which is the subject of my motion to expand the record, and that included a reference to Mr. Gonzalez not being in his right mind. And there was also testimony during the trial regarding this irrational belief in the affair that had gone on for quite some time, starting in 2004. And you're arguing that it that was sufficient to trigger a sus ponte duty on the part of the trial judge. That was sufficient. And you have to argue, since this is an AEDPA case, it was an unreasonable determination by the state court to the contrary. Indeed. So this evidence viewed together shows that it should have triggered a duty in the trial court. But turning to the substantive incompetence claim, there's much more evidence that came out after trial to support the claim that Mr. Gonzalez was in fact incompetent at the time of trial. And the evidence that he presented on state habeas with respect to that claim includes medical records from a 2004 psychiatric hospitalization where he was diagnosed with psychosis and had suffered from these same delusions. And these delusions were he accused his former boss of having a sexual relationship with his wife and his wife had the microchip in her stomach. This was in 2004. There was also evidence from just after conviction, prison medical records showing that Mr. Gonzalez had these same delusions shortly after he was convicted. Some of these prison medical records started in December of 2008, which is just two months after he was, roughly two months after he was convicted. Is it your position that someone who suffers from paranoid schizophrenia, which pretty clearly your still does, per se is incompetent to assist at trial? No, it's not my position that it's a per se rule. But in this case... Yeah, so how do we get from his mental illness, which I think is pretty convincingly demonstrated, to incompetence? So in this case the mental illness is, there's a close nexus between the delusions that Mr. Gonzalez was experiencing and the facts of the facts at trial. And so that's why these particular delusions would interfere with his ability to understand the proceedings against him and to assist his trial. Because if he's not understanding reality and he's not understanding which of his thoughts are delusions with respect to his relationship to Mr. Galvan, then he would not have been able to assist in preparing a defense to this case. And these records were also supported by an expert declaration at the time, an expert declaration from habeas proceedings as well. What can we do about all this? I'm not sure. We've had, state courts looked at this, and you haven't cited all the evidence. You've cited the evidence favorable to your case, but there's evidence going the other way. I mean, there was no complaint from his lawyer that he couldn't communicate with his client, your client. There was, the judge was present and had various conversations with the defendant. I mean, there's other evidence, and you know, the state courts found that persuasive and said, you know, made their findings. How do we overcome that? The evidence that trial counsel didn't declare doubt is not dispositive, nor is the... No, no, no, nothing is, nobody says it's dispositive. It doesn't have to be dispositive. What it has to be is sufficient to support a determination by another trial fact that that's, and we would have to say that this is, you know, they'd have to be drunk or crazy to accept, you know, something like that. If they relied on Ouija board or, you know, throwing dice or something like that, we'd say, well, that's irrational. That's, you know, but here they're relying on actual court memorandum. I mean, the judge is talking to the defendant. The defendant isn't, you know, talking about Martians or Elvis or anything else. He's talking about, you know, he is communicating with the people. Why isn't that enough, given the great deference we have to give under AEDPA to the state court? Why isn't it enough? In light of all of this, the strong evidence that Mr. Gonzales was actually incompetent, the state court did not hold that Mr. Gonzales presented a prima facie case, made a prima facie case, and that was an unreasonable determination under 2254 D2. So I think that's how we get around this. When you say the trial court, you mean the trial court at the time of trial, not at time of habeas. So the proceeding is going on, and something should have triggered the superior court, right? This would have been superior court? Are you talking about the procedural incompetence? You say trial court. I'm just trying to figure out where and when you're... So if I'm talking about the state court, then the state court had all of the same evidence before it at the state habeas proceedings. At the state habeas proceedings, not at the time of trial. No, not at the time of trial. So we're talking about the, excuse me, Your Honor, I'm talking about the evidence that was before the state habeas court, which summarily denied the petition. And that's when you think they should have held a hearing. You're not arguing that the judge at trial was required to hold a hearing. Well, the judge at trial should also have held a hearing. But looking at this expanded record on the substantive claim in state habeas proceedings for the state habeas court to summarily deny the petition, finding that Mr. Gonzalez hadn't stated a prima facie case, that was an unreasonable factual determination. Okay. Thank you. We'll hear from the other side. Good morning, Your Honors. May it please the Court. Deputy Attorney General Stephen Matthews for the respondent. Here there are two issues. One, the procedural and the substantive. As far as the first certified issue, the procedural due process issue, the issue is whether the state court's finding that a sua sponte competency hearing was not required is reasonable and is a factual determination entitled to deference. Here, the evidence put before the trial court was very limited. Evidence before the trial court, in addition to what the facts of the crime that have been outlined. So you're now talking about the trial court at trial or the trial court at the habeas court? I'm sorry, Your Honor. As to the procedural due process claim, it's only as to what the evidence was presented before the actual trial judge in the superior court. There was no motion. So the question was whether the judge sua sponte. That's correct. That's sort of a case like order, right? That's correct. Here, the issue for this procedural due process claim is limited solely to the record that was before the trial court. I'm sorry. I just wanted to make sure I was on the same page. And here, the problem with the evidence as recognized by the court of appeal in rejecting this claim and the district court is that the state court's finding on the evidence that was before it that this wasn't sufficient to require a sua sponte hearing was reasonable. And that is, one, there was no history of hospitalization or mental illness presented before the trial court. Two, there was no evidence of any demeanor at trial court indicating the necessity of a competency hearing. None has been pointed out to this day. Three, there was no prior medical opinions offered of any incompetency. Four, there was no evidence of any opinion suggesting that any of his delusions affected or impacted his ability to understand the proceedings or to interact with his counsel. And the fact is that all they're relying on for this claim, as well as the substantive claim, is that these delusions may have been a motive for the crimes. So if so facto, in every case in which the delusions were somehow involved in the committing of the crimes and that the defendant has suffered from delusions, that in that case, there will always be a requirement for a competency hearing, and there will always be a finding of incompetence. Could you move to the next one, that is to say the substantive incompetence? As to the substantive incompetence claim, the problem with this claim that was rejected on habeas is that the additional evidence presented didn't materially change the analysis of that. In particular, I'll focus on, for instance, the Dr. Missett's report. That's what they principally relied on in this court and in the state court. The problem with Dr. Missett's report is, well, there's multiple problems with Dr. Missett's report. First, he refers to the facts of this case, which he was given solely from appellant's briefs. This doctor didn't examine Petitioner. This doctor did not even review the trial record, the testimony at trial. Didn't review that either, basing his findings solely on the evidence as presented by Petitioner in an unrelenting way. Where are you going with this? Are you trying to convince me that he's not a paranoid schizophrenic? No, I'm trying to convince the court that the doctor's opinion, that there was a question as to his competence, was reasonably rejected as sufficient evidence to suggest incompetence by the state court. Yeah. I mean, here's what bothers me about this case. You've got somebody who clearly is, in my view, paranoid schizophrenic. This fact was not really brought out very well in front of the trial judge at the actual trial. We learn about it fairly shortly thereafter. We also know that he was offered a plea bargain, which he turned down because the sentence was too long. I think, as I recall, he was offered, was it 17 years? And he said, no, that's too long. So he goes to trial. Anybody who's a paranoid schizophrenic, I think, is not going to be exercising very good judgment as to whether he should go to trial. I infer that he's going to trial against the best judgment of his lawyer. And he's now sentenced to life for having shot at, and hardly injured at all, a man about whom he had a delusion that the man was having an affair for his wife. I understand all the way we get there, but we've gotten ourselves to, I think, a very bad place and an unfair outcome. Well, first of all, all the evidence, the circumstances of the crime, the delusions concerning his belief that the victim was having an affair with his wife and all that, that was put before the jury. All those delusions were put before the jury and the court. Second, none of those, that we have no evidence that any delusions or schizophrenia, the delusions that he suffered, in any way impacted his ability to interact with his counsel or to assist in his own defense. And in fact, the fact is, the most telling evidence we have of that is the fact that there was no questions raised by the trial court or counsel. And this court has considered that evidence the most telling evidence as to both the substantive and the procedural due process. Now, I hear all that, and it may be that I'm merely railing against the machine, but it seems to me profoundly unjust to imprison a man for the rest of his life for having shot at someone else, hardly injured him at all, when he's in the grips of a delusion from paranoid schizophrenia. But the question is, in this case, is a different one, of course, and that is whether the state had sufficient evidence that this defendant was unable to assist in his defense or understand the proceedings. Because we presume a defendant is competent at trial, and that... The one way into this case that strikes me as at least plausible is that the state habeas court should have at least had a hearing as to the substantive competency. I'm not at all convinced that the state court was wrong with respect to the sua sponte obligation of the trial judge. But the habeas court just blew him off. Only to the extent that the habeas court didn't blow him off, except to the extent that it considered the evidence that was presented, which is the same evidence before this court. And it looked at that evidence and found that that evidence, in light of the trial court record, did not present sufficient evidence to suggest that there was... That the defendant was incompetent. And under those circumstances, that... And the rejection of that claim by the state court is entitled to deference, once we're... Before this court. The central problem with the petitioner's evidence in state court, as well as presented here, is that the twofold. One, none of this raised the level that counsel, who had every incentive to raise that issue, did not raise that at trial. Two, the trial court, who was present, heard all the evidence against the petitioner at trial, including evidence of his delusions, and was present during trial, had no reason to question petitioner's competence. That's one of the most telling evidence of whether the defendant was competent to assist in his defense or understand the proceedings. And so, the only evidence that they presented is really through, medically based, to support an incompetence, is through Dr. Missett, who not only got the dates wrong of when... But wasn't basing his determination on personal examination of petitioner, and none of those medical records that he... Which he's citing, some of them were four years before trial, some of them were after trial. Nothing that existed during trial, which would suggest... There's no IAC claim on the failure to raise the competency issue? No, there's never been an IAC claim raised in this case. And in fact, as far as I'm aware, counsel's competence has never been subject to any state bar proceedings. I know that, but the fact is, here, there's never been... I'm talking about not the conduct of the trial as a whole, but the failure to raise the possible incompetency of the client. It seems a little strange to me. You have a client where the defense is, I had visions, I thought... I don't want to repeat it all, but you know what the evidence is. It's all pretty bizarre stuff, and obviously, the result of a mental issue. And the lawyer doesn't think to say, at least have my client examined to see if he's competent. I haven't had a lot of experience as a trial judge, but the few cases I've had where there was that kind of defense, the defense lawyer also said, by the way, we also need to... And sometimes you have to argue with the client. Sometimes the client doesn't want to have that examination done. And I'm just wondering, I'm just thinking out loud. Well, Bill, we do know that no claim of ineffective assistance has been raised, and I think your Honor has pointed to a significant fact, and that is the absence of any indication from trial counsel of a question as to his competence. And the competence, once again, is the ability to assist in his defense and to understand the proceedings. That the fact that counsel believed that his client was able to assist in the proceedings and understood them met that bar, I think, and that we have absent anything to the contrary from counsel or from the court present during the trial. I think that's the most compelling evidence. I just find some disconnect there. It's one thing to be able to talk to your client, you know, where were you, you know, what are your alibi witnesses, you know, the normal state of trial. But, you know, here, can you help me prove you're crazy? You know, this must be an awkward conversation between counsel and client. And once again, the standard that they're offering here today is the mandatory sua sponte competency hearing and a finding of incompetence in every case in which a petitioner suffers from some delusions that may have been a motive or a partial motive for committing the crimes. I don't see the court going that far. I think what I hear said is there should have been a hearing. There should have been a hearing. Right. And were this case not on AEDPA, that may even be a different consideration. But here, the state court looked at all this, reasonably looked at all this evidence, this same evidence, and rejected it, and the Court of Appeal rejected the procedural due process claim looking at that evidence. That subject, that, and the fact findings concerning that are subject to deference here. In addition, the state court reasonably rejected the substantive claim because the evidence was insufficient to create a real doubt as to competence at this trial. Thank you. Counsel? Yes. If I could ask one question, taking you over your time, what if we disagreed on the substantive incompetence point? What would happen? If this court reversed the state court's finding, the state court's rejection of the substantive due process claim, then he would have been denied due process, and it would require a retrial. And could he be medicated to get competence? There's been no evidence suggesting one way or another, Your Honor, and it would be returned to the state court, and if he was found to be competent, then he would be subject to a retrial. If this court were to conclude that the state court was unreasonable in rejecting the substantive due process claim. Thank you. Thank you. We'll move here. Time for rebuttal. We'll give you a minute. Thank you, Your Honors. Just a couple points. To echo Judge Fletcher, this is absolutely profoundly unjust. Was there an IAC claim made on federal habeas? There was not. We were appointed on appeal, and Mr. Gonzalez was pro se in federal habeas. And so he never made an IAC on federal habeas pro se? No. So this is the first time you've seen this case? Yes. It occurs to me... Go ahead, please. No, no, just to follow up. And there was no IAC claim in the state court either? No, and he was counseled in state court for his... Was he counseled on state habeas? He was. Now, because I'm trying to work my way through Martinez, as it might apply here. Obviously, state court procedural default can be excused under Martinez if IAC by trial counsel is not raised because of IAC by state habeas counsel. Correct. But it's not been raised here either? No. And also, thinking out loud, I'm not sure if there would be a possibility to raise it on remand, if there would be an ability to remand this case either for a competency evaluation in the district court, which I know is often disfavored, but perhaps there's some room in there for the district court to hold a hearing and can consider the addition. Yeah. Now, I'm not at all sure whether this would go anywhere at all, but would you like to request a remand to allow amendment of the habeas petition in federal court to allege IAC? If this court is not prepared to grant relief on the current record, I would absolutely welcome the opportunity. Well, I'm not sure that's going to go anywhere or whether we will do it, but I'm just kind of working my way through this, yeah. Okay, thank you. Thank you. Case is argued. We'll stand some minutes.
judges: Kozinski, W. Fletcher, Gould